### COOK v. DOUGHERTY et al.

Court of Appeals of District of Columbia.
Submitted April 1, 1929. Decided
May 6, 1929.

No. 4731.

Alva O. Hearne and R. E. Lambert, both of Washington, D. C., for appellant.

Wm. W. Bride and W. H. Wahly, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from an order of the Supreme Court of the District of Columbia overruling the petition of the appellant to vacate and set aside the verdict of the jury of inquisition and the order of the court concerning the same entered on the 28th day of March, 1924, in which appellant was adjudged to be of unsound mind and committed to Saint Elizabeth's Hospital for the Insane. The proceeding amounts to a collateral attack upon the judgment, and invokes the jurisdiction of the court to vacate and set aside the judgment confirming the verdict of the jury without bringing to the attention of the court the evidence adduced at the trial on which the verdict was based. In the absence of the evidence, it will be presumed that it was sufficient to support the verdict of the jury and the judgment entered thereon. The learned trial justice, disposing of the case, said: "The court is of opinion that the regularity of the proceedings should be presumed; as well, also, that it should be presumed that there was testimony in the case tending to support the jurisdictional averments found in the petition for the writ de lunatico to the effect that the respondent, in addition to being of unsound mind, had tendencies dangerous either to herself or others; and, a fortiori, should such presumption be indulged in as against a collateral attack subsequently made."

It is further asserted that the notice served upon appellant in the lunacy proceedings was insufficient and void. It appears, however, that appellant appeared and was present at the proceedings, which constitutes a waiver of any defect in the notice.

As further bearing on the insufficiency of plaintiff's petition to invoke the jurisdiction sought, it may be suggested that while a decree of insanity may be inquired into at any time for the purpose of determining whether or not the person has become sane, the petition to vacate in the present case contains no suggestion of present sanity, nor is any such contention made in the case.

The judgment is affirmed, with costs.